# In the United States Court of Federal Claims

(Pro Se)
No. 19-1038L
(Filed: January 15, 2020 | Not for Publication)

|  |  |  |
|---|---|---|
| TOMMY LEE STEVENS, | ) | |
| | ) | Keywords: Takings Clause; Fifth |
| Plaintiff, | ) | Amendment; Subject-Matter Jurisdiction; |
| | ) | Motion to Dismiss; Tort; Pro Se |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

*Tommy L. Stevens*, Mount Olive, NC, pro se.

*Brad E. Leneis*, Trial Attorney, U.S. Department of Justice, Environment & Natural Resources Division, Natural Resources Section, Washington, DC, with whom was *Jean E. Williams*, Deputy Assistant General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

Plaintiff Tommy Lee Stevens brings this action alleging that he has suffered a taking of his property without just compensation in violation of the Fifth Amendment's Takings Clause and that the government spoliated evidence (apparently related to that claim). Compl. at 1, Docket No. 1. Presently before the Court is the government's motion to dismiss pursuant to Rule 12(b)(1) or, in the alternative, 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). U.S.' Mot. to Dismiss ("Def's. Mot.") at 8, Docket No. 7. For the reasons that follow, the government's motion to dismiss is **GRANTED** and Plaintiff's complaint is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

## BACKGROUND

The allegations in Mr. Stevens's complaint concern his property located at 118 E. Pollock Street in Mount Olive, North Carolina. Compl. at 1. According to Mr. Stevens, the property is "77.88 ft[] wide, which is the distance between both [of his] neighbors['] drive[]way[s] on both sides." Id. at 1. Though a town map indicates that the property is 210 feet in depth, the deed indicates a depth of 215 feet. Id. When Mr. Stevens purchased this property in September 2011, there was a fence in the backyard "at the approximate depth of 208 ft," meaning it crossed seven feet onto his property (at least according to the deed). Id. at 2. Mr. Stevens alleges that the woman who owned the property bordering his backyard "built a building . . . within 7 feet of that side of the fence." Id. In August 2018, Mr. Stevens noticed that "someone was building another

7018 1830 0001 4963 6519

fence" in the seven feet between the first fence and the building constructed by Mr. Stevens's neighbor. Id. Mr. Stevens called the Mount Olive police and spoke with an officer who suggested that Mr. Stevens "have the land surveyed." Id. Mr. Stevens "cho[]se not to hire a surveyor because this was obvious[ly] a s[e]t-up by some believed Federal and State of N.C. Government officials." Id. Mr. Stevens alleges that the individuals building the new fence "know absolutely for sure this property is not their[']s, but are intentionally trying to cause trouble." Id.

Around April or May of 2019, Mr. Stevens saw that the first fence was being removed, and, around June of 2019, he noticed that someone had dug "a deep trench along this older lady's property running from her side of the street back vertical to and intersecting with the original[ ] fence." Id. Mr. Stevens speculates that this trench, which was subsequently filled with cement, will serve as a foundation for a "block wall." Id. He alleges that this trench "crosses about 7 feet of [his] land." Id.

Mr. Stevens filed his complaint in this court on July 17, 2019, alleging that the foregoing actions give rise to a takings claim under the Fifth Amendment. Id. at 1. He also broadly alleges a spoliation of evidence by the government and requests relief in the amount of $15 million. Id. at 1, 3.

On September 27, 2019, the government moved to dismiss the complaint for lack of subject-matter jurisdiction or, in the alternative, for failure to state a claim. Def.'s Mot. at 8. The government argues that "[e]ven generously read, Mr. Stevens's complaint contains no nonfrivolous allegation that the federal government has taken any action affecting his deed or property." Id. at 6. It further argues that Mr. Stevens's spoliation claim sounds in tort and therefore falls outside this Court's jurisdiction. Id. at 7.

After receiving an extension, Mr. Stevens filed a response to the government's motion on November 12, 2019. Pl. Resp. to U.S. Mot. to Dismiss ("Pl.'s Resp."), Docket No. 11. In his response, Mr. Stevens describes at some length a scheme by which the United States Department of Health and Human Services and the North Carolina Department of Health and Human Services have allegedly forced him "to participate in a supposed research project without his consent . . . [which is] conducted by use of an illegal contract." Id. at 2. He also states his belief that certain government agencies "and their associates ha[ve] committed fraud in several ways and want [him] disposed of," id., and that the defendant "started doing small amounts of damage to [his] property after [he] purchased it" and eventually "destroyed [his] property from the inside and outside, us[ing] strong chemicals to burn wood," id. at 4–5. As for his spoliation claim, Mr. Stevens states that he has "records in some government office that[ have] been altered." Id. at 7.

## DISCUSSION

The Court lacks subject-matter jurisdiction over all the claims in Mr. Stevens's complaint. In considering a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may, however, "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal

pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl. 290, 292 (2013).

The Tucker Act provides that the Court of Federal Claims "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, the Tucker Act—a jurisdictional statute— "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Thus, a plaintiff must identify a separate money-mandating source of substantive rights to establish the court's jurisdiction. See Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part).

This Court's Tucker Act jurisdiction extends to "a nonfrivolous takings claim founded upon the Fifth Amendment." Moden v. United States, 404 F.3d 1335, 1341 (Fed. Cir. 2005); see also Chittenden v. United States, 126 Fed. Cl. 251, 260 (2016). "Thus, so long as such a claim is not 'so insubstantial, implausible, foreclosed by prior decisions, or otherwise completely devoid of merit as not to involve a federal controversy,' the court should hear the complaint." Chittenden, 126 Fed. Cl. at 260 (quoting Moden, 404 F.3d at 1341); see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998).

Mr. Stevens has failed to state a nonfrivolous claim for compensation under the Fifth Amendment because he does not allege any action by the federal government with respect to his property at 118 E. Pollock Street. See St. Bernard Par. Gov't v. United States, 887 F.3d 1354, 1360 (Fed. Cir. 2018) ("A property loss compensable as a taking only results when the asserted invasion is the . . . result of authorized government action."); Nat'l Food & Beverage Co., Inc. v. United States, 96 Fed. Cl. 258, 264 (2010) (citing Am. Pelagic Fishing Co. v. United States, 379 F.3d 1363, 1372 (Fed. Cir. 2004)) (explaining that, to state a viable takings claim, a plaintiff must, among other things, allege "that the government's actions amounted to a compensable taking of [the] property interest" (emphasis supplied) (internal quotation marks omitted)). Instead, he alleges interference with his property interests by his neighbor or other unknown individuals. See Compl. at 2 (detailing the property of "the old lady that lives behind me").

Mr. Stevens's remaining claims fare no better. There is no independent right of action for spoliation, as Mr. Stevens has already been informed by this court in a prior suit. Stevens v. United States, No. 09-623, 2010 WL 147918, at *1 (Fed. Cl. Jan. 7, 2010) ("No federal law supports a freestanding lawsuit for spoliation."); id. (citing 28 U.S.C. § 1491(a)(1)) (noting also that "if there were a cause of action for spoliation, it would arise in tort, and would not be enforceable in this court").

Further, the Court will not consider the allegations presented in Mr. Stevens's response that were not presented in the complaint. See Michels v. United States, 72 Fed. Cl. 426, 431–32 (2006) (declining to consider claims presented in plaintiff's brief opposing a motion to dismiss where the new claims were not included in the complaint); see also Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."). Even were the Court to consider

3

these contentions, they are implausible and nonsensical. Therefore, they are insufficient to either establish the Court's jurisdiction or to state a claim for relief. Indeed, most are similar to other frivolous claims that Mr. Stevens has unsuccessfully sought to pursue in this court on multiple occasions. See, e.g., Stevens v. United States, No. 14-268C, 118 Fed. Cl. 707 (2014) (dismissing Mr. Stevens's claim that the government placed a transceiver inside his body without his consent); Stevens v. United States, No. 12-478C, 2013 WL 151715 (Fed. Cl. Jan. 14, 2013) (same); Stevens v. United States, No. 10-509C, 2011 WL 1883010 (Fed. Cl. May 17, 2011) (same); Stevens v. United States, No. 09-338C, 2009 WL 3650874, at *1 (Fed. Cl. Oct. 28, 2009) (listing other cases brought in various federal district courts with similar allegations).

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is **GRANTED** and the complaint is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge